## The Commonwealth *versus* Conyngham *et al.*

66        99
38SC    6454

1. The Act of March 3d 1870 (Safety in Mines) directed that "upon the *passage* of this act" the governor, on the recommendation of examiners, should appoint inspectors of mines, " the examiners to be appointed by the Court of Common Pleas at the first term of the court in each year." The act was passed after the first term. *Held*, that the examiners were to be appointed on the passage of the act.

2. The act was to go into operation immediately on its passage.

3. Incongruities must be so construed as to harmonize the general intent of the whole act.

4. " Terms" in the act are to be construed in reference to future years.

5. For the portion of the year ensuing the passage of the act the appointment of examiners was not referred to any period except the first term after its passage.

6. When a statute gives a power, what is necessary to make it effectual is given by implication.

May 24th 1870. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ.

This was an alternative mandamus, issued May 3d, 1870, upon the information of F. Carroll Brewster, Esq., Attorney-General, against John N. Conyngham, President Judge, Edmund L. Dana, Additional law Judge, and Thomas Collins and Isaac S. Osterhout, Associate Judges of the Court of Common Pleas of Luzerne county,

The information set out that by the 14th section of an act passed March 3d 1870 (Pamph. L. 3), it was provided that upon its " passage," the governor should, " upon the recommendation of a board of examiners selected for that purpose, composed of three reputable coal miners in practice, and two reputable mining engineers, to be appointed by the judges of the Court of Common Pleas of Luzerne county, all of whom shall be sworn to a faithful discharge of their duties, appoint three properly qualified persons to fill the offices of inspectors of coal-mines and collieries, for the counties of Luzerne and Carbon, whose commissions shall be for the term of five years or during good behavior." * * * " The examiners provided for in this act shall be appointed by the judges of the Court of Common Pleas for the county, at the first term of the court in each year, to hold their places during the year, and *vacancies shall be filled* by the court as they occur."

By the 15th section of the said act it was provided that " the term of office of the inspector of coal-mines, appointed under an

act for the better regulation and ventilation of mines, and for the protection of the lives of the miners in the county of Schuylkill, approved April 12th, one thousand eight hundred and sixty-nine, shall expire on the first day of June, Anno Domini one thousand eight hundred and seventy, *and in his room three inspectors* of mines for the counties of Schuylkill, Dauphin, Northumberland and Columbia, shall be appointed by examiners, to be appointed by the Court of Common Pleas of Schuylkill county, in the manner and form provided by the 14th section of this act."

That the respondents "have declined for the present to make the appointment of the board of examiners for said county, as required by the aforesaid sections of the act."

The respondents answered that they declined making the appointment, because the time had not arrived when the appointments could legally be made. The first term of the Luzerne Common Pleas for 1870 commenced on the first Monday of January, then last past; the second term, on the third Monday of February; the third term, on the first Monday of April; that the application for the appointment of examiners was made at the third term of the year 1870, and the respondents refused to appoint for defect of present power, as they believed, because the first term of the court for 1870 had passed, and they could not appoint till the first term of the next year.

The Attorney-General demurred to the answer.

The *Attorney-General,* for the Commonwealth.—Statutes take effect from their date, unless it be otherwise provided: Braddee *v.* Brownfield, 2 W. & S. 279; Jamieson *v.* Attorney-General, 1 Alcock & Napier 375; Parker *v.* Attorney-General, 6 Brown, P. C. 486. Wherever two parts of a statute are contradictory, the court endeavors to give a distinct interpretation to each of them by looking at the context: Pretty *v.* Solly, 26 Beav. 610; Kerlin *v.* Bull, 1 Dall. 178; Dwarris on Stat. 514, 517.

The opinion of the court was delivered, May 26th 1870, by

THOMPSON, C. J.—The question presented in this case is single, and not difficult. The Act of the General Assembly of the 3d of March 1870, entitled "An Act providing for the health and safety of persons employed in coal-mines," provides for the appointment by the governor of three coal-mine inspectors, for the counties of Luzerne and Carbon, upon the recommendation of a board of examiners to be appointed by the Court of Common Pleas of Luzerne county. The 14th section of the act provides for these appointments to be made by the governor "upon the passage of this act," but only upon the recommendation of the board of examiners. The examiners must be appointed by the court before they can recommend persons for appointment as inspectors. The difficulty

[Commonwealth *v.* Conyngham.]

in the minds of the respondents, the judges of the Common Pleas of Luzerne county, lies in the following provision contained in the section. It says, "the examiners provided for in this act shall be appointed by the judges at the *first term* of the court in each year," and as the act did not pass until after the first term of the court in Luzerne county had passed, they were of opinion that they had no power to appoint until the first term of the court in 1871, and they therefore declined to appoint.

This construction would defeat what seems to have been the manifest intention of the legislature in passing the act; namely, that it should go into operation immediately upon its passage. This very clearly appears in various provisions of the act. In the 14th section the governor is required "upon the passage of the act," subject of course to the time which may be required for the preliminary action of the board of examiners, to appoint the inspectors provided for in the act. This does not consist with the idea of waiting until another year to enable the court to appoint examiners at the first term. In the 4th section there is a provision requiring action by the inspectors in superintending the construction or sinking of slopes or outlets in mines requiring them, which are to be constructed within four months after the passage of the act, on penalty of inability to the owners to employ miners and workmen unless in certain contingencies mentioned. This shows that it was designed that inspectors should be appointed for this and other purposes at once. So in the requirement that the inspectors shall be on hand to inspect the causes of loss of life when it occurs by explosions in mines. This is to be their duty from and after the passage of the act, as it goes into operation from and after its passage; and so in regard to the 15th section of the Schuylkill Act. It is to expire on the 1st of June 1870, when inspectors are to be appointed by the courts, under the provisions of the 14th section of this act, for Schuylkill, Dauphin, Northumberland and Columbia counties. If no appointment of examiners can be made in Luzerne county, because the first term of the court for the present year has passed by, it is likely the same thing exists in regard to those counties. Is it likely that such a cause of delay could have been a possible contingency in the legislative mind? We think not. As already said, the intention is manifest, not only in the provisions mentioned, but in many others in the act—nay, throughout the entire act—that it was to go into full operation as soon as the organization of its machinery would permit. We must therefore construe the seemingly incongruous provisions noticed, so as to harmonize with the general intent manifested in the whole enactment. We can do so without violence to any portion of it, we think, by holding the provision in question applicable to future years and not to the present. For the fraction of this year ensuing the passage of

[Commonwealth *v.* Conyngham.]

this act, the organization and appointment of the examiners mentioned were not referred to any period, excepting to the first term of the court after the passage of the act; thereafter, it is to be at the first term of the court in the year. This view enables the governor to appoint inspectors as required by the act, and put the intended reform of the mining police in operation. In this way, and in this alone, can the provisions of the act be harmonized, and the manifest intention of the legislature carried out. We may thus make the statute effectual for the purposes intended. Dwarris on Stat. 514–17, says, "wherever a power is given by statute, everything necessary to the making it effectual is given by implication." We must, we think, enter judgment for the Commonwealth on the demurrer, and award a peremptory mandamus against respondents.

Ordered accordingly.